Chet Snider, Esq. SBN 28651
csnider@angelmedflight.com
Aviation West Charters, LLC
17851 N. 85th Street, Suite 350
Scottsdale, Arizona 85255
Telephone: (480) 634-8017
Facsimile: (888) 857-6647

Eamon P. Kelly, Esq.
(*pro hac vice* application to be submitted)
ekelly@sperling-law.com
Sperling & Slater, P.C.
55 W. Monroe, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aviation West Charters, LLC, d/b/a Angel MedFlight,<br><br>Plaintiff,<br><br>v.<br><br>BlueCross BlueShield of Illinois,<br><br>Defendant. | No.:<br><br>**COMPLAINT** |

Plaintiff Aviation West Charters, LLC d/b/a Angel MedFlight ("Angel MedFlight") complains of Defendant BlueCross BlueShield of Illinois ("BlueCross") as follows:

## NATURE OF THE ACTION

1. This is an action for recovery of benefits due under a BlueCross health plan called BlueEdge HSA 100/80 Embedded Deductible Plan (the "Plan") pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA").

2. Angel MedFlight provided air-ambulance transportation to S.J., who is covered by the Plan.

3. Although BlueCross conceded that the transportation was a covered benefit, it breached the terms of the Plan by paying far less for those services than the Plan requires.

4. BlueCross also failed to explain how it arrived at the amount it paid, violating ERISA and the terms of the Plan.

5. Angel MedFlight, as S.J.'s assignee, brings this action requesting an order (i) directing payment of benefits due under the terms of the Plan; (ii) awarding prejudgment interest; and (iii) awarding Angel MedFlight its reasonable attorney's fees and costs incurred in bringing this action.

## PARTIES

6. Plaintiff Angel MedFlight is a Delaware limited liability company with its principal place of business in Maricopa County, Arizona. It provides specialized transportation services, including licensed air-ambulance services. Angel MedFlight provided transportation services to S.J., who assigned his related claims for benefits to Angel MedFlight.

7. BlueCross insures and administers the Plan, which is governed by ERISA. S.J. was a participant in the Plan at all times relevant to this Complaint. BlueCross has its

principal place of business in Cook County, Illinois.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e), (f) and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1132(e) because the breach took place in this District.

**FACTUAL ALLEGATIONS**

10. S.J. sustained what his doctor described as a "traumatic crush injury" when a carport collapsed and fell on top of him.

11. S.J. (who was visiting Canada from his home in Chicago) was examined by doctors at St. Michael's Hospital in Toronto. Following treatment at St. Michael's, Dr. Mark Huang, M.D. found that S.J. required "extensive rehabilitation to address his impaired function." Dr. Huang also found that Shirley Ryan AbilityLab in Chicago, Illinois, was the "closest appropriate facility" for that rehabilitation, and that it was medically necessary for S.J. to transfer to Shirley Ryan by air ambulance.

12. Angel MedFlight attempted to preauthorize the transportation with BlueCross, and safely transported S.J. from St. Michael's to Shirley Ryan on October 15, 2017.

13. S.J. assigned his benefits claim to Angel MedFlight, and Angel MedFlight submitted a timely claim for benefits on S.J.'s behalf.

14. Although BlueCross initially denied the claim, it ultimately conceded that the services were covered under the terms of the Plan and (acting through another BlueCross entity, GeoBlue) issued payment for the claim in the amount of approximately $75,000. Neither BlueCross nor GeoBlue explained how it arrived at the amount it paid.

15. Angel MedFlight submitted an appeal on S.J.'s behalf, pointing out that (1) BlueCross provided no explanation and no support for its payment amount and (2) BlueCross' payment was inconsistent with the straightforward payment methodology provided for by the Plan, which is as follows:

> **Notwithstanding anything else described herein**, Providers of ambulance services will be paid based on the amount that represents **the billed charges from the majority of the ambulance Providers in the Chicago Metro area** as submitted to the Claim Administrator. Benefits for the Ambulance Transportation will be paid at the highest level available under this benefit program. However, you will be responsible for any charges in excess of this amount.

Plan document, at 66-67 (bolding supplied).

16. Angel MedFlight included data from Context4Healthcare (an independent company which maintains a database of "usual and customary" charges for ambulance services by geographic area) with the appeal, demonstrating that BlueCross' payment was far less than the "billed charges" from the majority of providers in the Chicago area.

17. In response, BlueCross continued to fail to explain how it arrived at the low amount it paid (notwithstanding Angel MedFlight's specific request that it do so), ignored the arguments raised in the appeal, and indicated only that "[t]he claim was processed correctly according the [*sic*] member's benefits at 100% of the eligible amount, therefore no further reimbursement is available."

18. BlueCross also "quoted" language from the Plan which permits it to pay for certain services consistent with Medicare rates—but this language appears nowhere in the Plan document. And even if it did, it could not apply to S.J.'s ambulance transportation. The Plan includes a specific payment methodology for ambulance services, which applies "[n]otwithstanding" any other Plan provisions.

19. BlueCross violated its ERISA obligations and the Plan's terms by refusing to explain its payment during the administrative process and by paying far less for S.J.'s transportation than the Plan requires.

20. Angel MedFlight, as S.J.'s assignee, is entitled to payment for S.J.'s transportation in the amount required by the Plan.

## CAUSE OF ACTION

21. Plaintiff incorporates and re-alleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

22. S.J. assigned his benefits claim to Angel MedFlight.

23. Angel MedFlight is entitled to recover benefits under the terms of the Plan.

24. Angel MedFlight exhausted the Plan's internal appeal requirements.

25. Angel MedFlight is entitled to receive payment for its services in the amount the Plan requires.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Aviation West Charters, LLC, d/b/a Angel MedFlight requests judgment in its favor and against Defendant BlueCross BlueShield of Illinois, as follows:

A. Judgment that Plaintiff is entitled to recover benefits in the amount the Plan requires;

B. Prejudgment interest;

C. Attorney's fees and costs;

D. Any and all other damages to which Plaintiff is entitled.

DATED this 24th day of March, 2020.

By  /s/ *Chet Snider*
    Chet Snider, Esq.